IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GARY A. SHORTT,  )  | |
|     Plaintiff,  ) | Civil Action No. 7:22-cv-00143 |
| ) | |
| v.  ) | |
| ) | |
| VIRGINIA DEPARTMENT OF  ) | By: Elizabeth K. Dillon |
| CORRECTIONS, *et al.*,  ) |     United States District Judge |
|     Defendants.  ) | |

## MEMORANDUM OPINION

Gary A. Shortt, a Virginia inmate proceeding *pro se*, has filed a civil rights complaint purporting to assert a claim pursuant to 42 U.S.C. § 1983. Specifically, he alleges that his due process rights were violated during prison disciplinary proceedings, and he requests that the court vacate his disciplinary conviction and reinstate the earned good time credits he lost as a penalty. As discussed in more detail herein, this claim must be brought in a habeas petition pursuant to 28 U.S.C. § 2254. Because Shortt has not yet exhausted such a claim in Virginia's state courts, however, the court must dismiss it and allow him the opportunity to exhaust. For this reason, the court will construe his complaint as a § 2254 petition and will dismiss it without prejudice.

### I. BACKGROUND

Shortt's complaint alleges that his First and Fourteenth Amendment rights were violated when mail addressed to him and marked as "legal mail" was opened by mailroom staff, outside of his presence, on July 29, 2021. (Compl. 4–6, Dkt. No. 1.) The "intel team" deemed the package as suspicious after they confirmed with the sender that the plaintiff should not be receiving mail from that sender. (*Id.* at 6.) Upon opening it, they found it to be "saturated with an unknown substance." (*Id.*) The substance was later tested, and Shortt alleges that the lab

analysis "falsely identified the substance as a controlled substance," but it was "synthetic cannabinoid," which is not currently listed as a scheduled or controlled substance by the Drug Enforcement Administration. (*Id.*) Shortt was charged and subsequently convicted of a disciplinary offense related to the package, which resulted in the loss of earned good time sentence credits. (*Id.* at 7.) He appealed the decision, but the conviction was upheld. (*See* February 22, 2022 decision of Regional Operations Chief, Dkt. No. 1-1, at 1–2.)

Turning to the substance of Shortt's claims, the court notes that he references a violation of his First Amendment rights, apparently based on the opening of the letter itself. But he does not appear to seek any relief related to that alleged violation, and his complaint does not seek money damages. Moreover, any argument that his mail was interfered with is inconsistent with his defense—in his disciplinary proceedings and argued in his complaint here—that he had nothing to do with that particular package being sent to him, but instead was being "set up." If the mail was not his, then there was no interference with his rights by it being opened.[1]

The crux of Shortt's complaint, though, is that there were due process violations in the disciplinary proceedings. He claims that he was denied "access to actual evidence" because he was not shown a photograph of the package nor allowed to examine the physical evidence and was not given the full lab report, but only a summary of it. (*Id.* at 4.) He also argues that his rights were violated when he was "subject to questioning in the absence of fact that could directly result in intentional self-incrimination." (*Id.* at 4.) He argues that without being given

---

[1] A § 1983 claim based on this alleged tampering with mail would fail regardless, because occasional incidents of mail mishandling do not rise to the level of a constitutional violation. *See Pearson v. Simms*, 345 F. Supp. 2d 515, 519 (D. Md. 2003), *aff'd*, 88 F. App'x 639 (4th Cir. 2004) (holding that "occasional incidents of delay or non-delivery of mail" are not actionable under § 1983); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (noting that "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); *Gardner v. Howard*, 109 F.3d 427, 430–31 (8th Cir. 1997) (same as to inadvertent instances of legal mail being opened outside of an inmate's presence); *Bryant v. Winston*, 750 F. Supp. 733, 734 (E.D. Va. 1990) (same as to an isolated incident of mail mishandling).

the physical evidence, he was "unable to provide an effective defense. In light of any logical explanation for this unsolicited mail, [Shortt] offered the only argument he could offer, which is that he was being set up." (*Id.* at 6.)

## II. DISCUSSION

A claim like the one raised by Shortt—that a prison disciplinary conviction resulted in the loss of earned good time credits, accompanied by a request that the credits be restored—is a claim that, if successful, would necessarily affect the length of the prisoner's sentence. As such, it sounds in habeas and can be brought only in a habeas petition. *Moskos v. Hardee*, 24 F. 4th 289, 295 (4th Cir. 2022) (explaining that "disciplinary convictions resulting in the loss of good-time credits" fall within the "core of habeas corpus" and may not be challenged through a § 1983 suit unless the conviction already has been invalidated) (citations omitted). Moreover, it is a type of claim that could be raised in a habeas petition in Virginia courts. *Carroll v. Johnson*, 685 S.E.2d 647, 652 (Va. 2009) (explaining that if the duration of the petitioner's confinement would be directly affected by the entry of an order granting relief, then the claim sounds in habeas and may be brought in a habeas petition in Virginia courts); *see also Wall v. Kiser*, 21 F. 4th 266, 271–72 (4th Cir. 2021) (explaining that *Carroll* construed Virginia Code § 8.01-654 "to authorize the review of a loss of sentencing credits," and reasoning that such authority allows Virginia courts to review a disciplinary conviction resulting in the loss of "earned good conduct sentencing credits"). Thus, the court will construe Shortt's complaint as a petition under 28 U.S.C. § 2254.

A federal court may not grant a § 2254 habeas petition, however, unless the petitioner first exhausted the remedies available in the courts of the state in which petitioner was convicted. 28 U.S.C. § 2254(b); *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). The exhaustion

3

requirement is satisfied by seeking review of a claim in the highest state court with jurisdiction to consider the claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Thus, to properly exhaust, a petitioner must present all of his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them on the merits under § 2254. *Slayton v. Smith*, 404 U.S. 53, 54 (1971). Where a petitioner files in federal court while he still has available state court proceedings in which to litigate his habeas claims, the federal court should dismiss the petition without prejudice to allow him to finish exhausting those state court remedies.[2] *See Slayton*, 404 U.S. at 54.

Shortt has appealed his disciplinary conviction within the Virginia Department of Correction, but his complaint does not indicate that he has raised his claim for sentence credit with the Supreme Court of Virginia, as he must in order for this court to be able to rule on his claim. Records from the Supreme Court of Virginia's reflect that he filed a petition for mandamus in 2021, but that does not appear to relate to a disciplinary conviction or the claims in this case. And Shortt's complaint expressly states that he has not filed any other lawsuits in state or federal court dealing with the same facts involved in this action. (Compl. 10.)

Moreover, it appears that this avenue of relief—filing a state habeas petition—is still available to Shortt, such that this court should dismiss and allow him to pursue his claims in state court. *See Slayton*, 404 U.S. at 54. The applicable Virginia statute of limitations for such a claim is one year from the date his "cause of action accrues." Virginia Code Ann. § 8.01-654(A)(2). The cause of action for this type of habeas claim accrues at the time that the petitioner discovers the improper denial of credit. *E.g.*, *Wallace v. Jarvis*, 726 F. Supp. 2d 642,

---

[2] A dismissal without prejudice generally allows a petitioner to refile his federal habeas petition after he has exhausted his state court remedies. The petitioner's time to file state and federal habeas petitions is limited. *See* 28 U.S.C. § 2244(d); Va. Code Ann. § 8.01-654(A)(2); Va. Sup. Ct. R. 5:9(a).

645–46 (W.D. Va. 2010) (discussing Virginia's discovery rule and applying it in the context of § 8.01-654(A)(2); *Patterson v. Clarke*, Civil Action No. 3:19CV263, 2020 WL 3104516, at *3 (E.D. Va. June 11, 2020) (explaining that a habeas petitioner challenging his prison disciplinary proceedings had to be bought within one year of the disciplinary conviction). Because the package sent to Shortt was received and opened on July 29, 2021, and the disciplinary conviction occurred thereafter, Shortt is still within the one-year window for filing a habeas petition in state court.

### III.  CONCLUSION

For the foregoing reasons, the court will construe Shortt's complaint as a 28 U.S.C. § 2254 petition and dismiss it without prejudice. An appropriate order will be entered.

Entered: April 12, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge